PER CURIAM.
On June 20, 1979, a circuit court judge signed a warrant ordering Appellant’s arrest for a probation violation. However, that warrant was not received by the sheriffs department and executed until April 12, 2000. Nevertheless, on January 19, 2001, the trial court revoked Appellant’s probation and sentenced him to five years in prison. Because the arrest *302 warrant was delivered to the sheriffs department years after Appellant’s five-year probationary sentence had expired, we hold that the trial court did not have jurisdiction to revoke Appellant’s probation. As explained in State v. Boyd, 717 So.2d 524, 526 (Fla.1998), “a trial court lacks jurisdiction to revoke probation after the probationary period for a violation that occurs during the probationary period unless the revocation process is set in motion during the probationary period.” In order to be set in motion, the arrest warrant must be delivered to the executive officer. Id. Accordingly, we REVERSE and REMAND with directions that the order revoking Appellant’s probation and the judgment and sentence entered subsequent thereto be vacated; that the affidavit alleging a violation of Appellant’s probation be dismissed; and that Appellant be discharged.
REVERSED and REMANDED.
BOOTH, MINER and KAHN, JJ„ concur.